1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10

11    JASON THOMAS PARSONS, G26143,           Case No. 22-cv-01943-CRB  (PR)

12              Petitioner,                   **ORDER DISMISSING PETITION FOR
                                              A WRIT OF HABEAS CORPUS**
13        v.                                  **WITHOUT PREJUDICE AND
                                              DENYING A CERTIFICATE OF**
14    WARREN L. MONTGOMERY, Warden,           **APPEALABILITY**

15              Respondent.                   (ECF No. 2)

16                                       **I.**

17        Petitioner, a state prisoner incarcerated at Calipatria State Prison (CAL) in Calipatria,

18   California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254

19   challenging a recent conviction and sentence from Santa Clara County Superior Court.  Petitioner

20   also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

21                                       **II.**

22        On August 18, 2021, petitioner was sentenced to 100 years to life, consecutive to 50 years,

23   in state prison after a jury in Santa Clara County Superior Court found him guilty of several counts

24   of armed robbery and of being a felon in constructive possession of a firearm.

25        On September 2, 2021, petitioner filed a notice of appeal.  He also later filed several state

26   petitions for post-conviction collateral relief which, like his direct appeal, are still pending in the

27   California Court of Appeal.

28        On March 28, 2022, petitioner filed the instant federal petition for a writ of habeas corpus.

United States District Court
Northern District of California

### III.

In <u>Younger v. Harris</u>, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances.  401 U.S. 37, 45 (1971).  The Ninth Circuit subsequently held that, as a logical implication of the abstention doctrine announced in <u>Younger</u>, a district court should abstain from entertaining a federal habeas petition "until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972).  The Supreme since has made clear that the rationale of <u>Younger</u> abstention applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  <u>See</u> <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 607-11 (1975).  Absent extraordinary circumstances, a district court therefore "may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." <u>Henderson v. Johnson</u>, 710 F.3d 872, 974 (9th Cir. 2013) (citation omitted).

<u>Younger</u> abstention may not be appropriate in cases of proven harassment or bad faith prosecutions undertaken by state officials without hope of obtaining a valid conviction or in other special circumstances where danger of irreparable injury is both great and immediate.  <u>See</u> <u>Bean v. Mateucci</u>, 986 F.3d 1128, 1133 (9th Cir. 2021).  But petitioner makes no indication much less showing of special circumstances warranting federal intervention in the ongoing state appellate review of his state court criminal conviction.  Petitioner's assertion that the state courts are taking too long to address his claims does not compel a different conclusion.  After all, petitioner's direct appeal has been pending in the California Court of Appeal for barely eight months.  <u>Cf.</u> <u>Page v. King</u>, 932 F.3d 898, 902 (9th Cir. 2019) (delay may constitute extraordinary circumstance where state court delay is extreme and there is no end in sight to the state court proceedings).

### IV.

For the foregoing reasons, the petition for a writ of habeas corpus under § 2254 is DISMISSED without prejudice to refiling after state criminal proceedings, including appeal, are completed.  And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that that

United States District Court
Northern District of California

1   "jurists of reason would find it debatable whether the district court was correct in its procedural

2   ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

3          But based solely on his affidavit of poverty, petitioner's application for leave to proceed

4   IFP (ECF No. 2) is GRANTED.

5          **IT IS SO ORDERED**.

6   Dated:  May 10, 2022

7   _____

8   CHARLES R. BREYER
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28